FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2018 MAY -4 AM 11:06
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

MARREO MONTEOUS RUFF,    *
                         *
    Petitioner,          *
                         *
v.                       *    CV 116-114
                         *    (Formerly CR 115-018)
UNITED STATES OF AMERICA,*
                         *
    Respondent.          *

ORDER

On September 27, 2016, this Court adopted the Report and Recommendation of the United States Magistrate Judge, which recommended dismissing Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

In 2015, Petitioner was convicted of one count of armed bank robbery and one count of felon in possession of a firearm. Because Petitioner had a prior felony conviction for a "crime of violence," his base offense level was determined to be twenty pursuant to the United States Sentencing Guidelines, U.S.S.G. § 2K2.1(a)(4)(A). Following the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), which struck down the "residual clause" in the definition of a "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii),

Petitioner challenged his sentence through the § 2255 petition filed in this case. The Court dismissed his petition, however, because <u>Johnson</u> does not apply to enhancements under the United States Sentencing Guidelines. (<u>See</u> Report and Recommendation of Sept. 1, 2016, at 4 (citing <u>United States v. Matchett</u>, 802 F.3d 1185, 1194 (11th Cir. 2015)).

At present, Petitioner returns to this Court via a motion for reconsideration with the Supreme Court's recent decision of <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204 (2018), in hand. In the <u>Dimaya</u> case, a plurality of the Supreme Court held that the residual clause of the federal criminal code's definition of "crime of violence" (18 U.S.C. § 16(b)), as incorporated into the Immigration and Nationality Act's definition of "aggravated felony" (8 U.S.C. § 1101(a)(43)) is impermissibly vague in violation of due process. The <u>Dimaya</u> case, however, like the <u>Johnson</u> case, has no application to the United States Sentencing Guidelines. In short, the <u>Dimaya</u> case does nothing to alter the analysis of the Report and Recommendation of the United States Magistrate Judge in this case.

Upon the foregoing, Petitioner's motion for reconsideration (doc. no. 6) is **DENIED**. Petitioner's corresponding motion for appointment of counsel, docketed in the underlying criminal case (doc. no. 66 in CR 115-018) is **DENIED AS MOOT**. Finally, a federal prisoner must obtain a

2

certificate of appealability ("COA") before appealing the denial of his motion for reconsideration. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons stated, Petitioner is unable to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1]

**ORDER ENTERED** at Augusta, Georgia, this ___ day of May, 2018.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner may seek a COA from the Eleventh Circuit Court of Appeals under Federal Rule of Appellate Procedure 22. See Rule 11(a) of the Rules Governing Section 2255 Proceedings.